UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RONALD LEWIS MILLS**                                                    **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 4:09CV-P56-M**

**THOMAS O. CASTLEN** *et al.*                                     **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Ronald Lewis Mills filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues Daviess Circuit Court Judge Thomas O. Castlen and Daviess County Assistant Commonwealth's Attorney J. Nick Payne in their individual and official capacities for monetary and punitive damages.

Plaintiff advises that on or about March 13, 2009, he filed a CR 60.02(f) motion in Daviess Circuit Court seeking modification of his January 2, 2009, criminal sentence, arguing that he "did not recieve a parole revocation hearing . . . with in (90) days of his previous conviction" and that the court "failed to act within the provision the plaintiff would be entitled to concurrent sentences under the Kentucky Revised Statute Of 532.110(1)(a) and under 533.040 Under Section (3)." Plaintiff reports that on or about May 6, 2009, Defendant Judge Castlen denied the motion, specifically denying "the request for concurrent sentences," which Plaintiff claims violated KRS §§ 532.110(1)(a) and 533.040(3); the Kentucky Constitution; and the First, Eighth, and Fourteenth Amendments to the U.S. Constitution.

Plaintiff further claims that Defendant Castlen "took it upon his self [and] acted as a co-conspirator with the Assistant Commonwealth Attorneys Office J. Nick Payne which both defendant knew of a wrong and fail to correct it." He contends that due to Defendants' "failure to order concurrent sentences they . . . forc[ed] the plaintiff to false imprisonment when by law of the Kentucky Statute and the United States Constitution which would provided the plaintiff his release for a erroneous judgement."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In deciding whether to dismiss for failure to state a claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

*A.     Constitutional claims arising under 42 U.S.C. § 1983*

*1. Official-capacity claims*

The Court will dismiss these claims against both Defendants on two bases. First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, neither of the Defendants sued in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v.*

3

*Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).  Consequently, the § 1983 official-capacity claims for damages against Defendants in their official capacities for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### *2. Individual-capacity claims*

#### *a. Judge Castlen*

Section 1983 of Title 42 of the U.S. Code provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).  Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith.  *Id.* at 11.  A judge will not be immune from suit where:  1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction.  *Id.* at 11-12.  A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction.  *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).

Because Plaintiff essentially complains only about conduct that comprises the very core of Judge Castlen's official duties, the Court concludes that absolute judicial immunity bars the claims for damages against him.  *See Mireles*, 502 U.S. at 9.

#### *b. Assistant Commonwealth's Attorney Payne*

Just as judicial immunity attaches to all judicial acts, a prosecutor enjoys absolute immunity from § 1983 liability when he acts as an advocate for the government by engaging in

4

activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Absolute immunity further "applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). However, "absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van De Kamp v. Goldstein*, -- U.S. -- ,129 S. Ct. 855, 861 (2009) (quoting *Imbler*, 424 U.S. at 431 n.33).

Plaintiff's claim against Payne involves conduct occurring in his role as advocate for the government in connection with a CR 60.02 post-conviction collateral proceeding in state court. Consequently, Defendant Payne is entitled to absolute immunity with regard to the individual-capacity claim against him.

### B.  *State-law claims*

Plaintiff claims that Defendants violated the Kentucky Constitution and Kentucky Revised Statutes. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claims will be dismissed without prejudice.

An Order will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
4414.005